[812 NYS2d 539]

In the Matter of GEORGE E. KERSEY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 24, 2006

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan B. Master* of counsel), for petitioner.

*George E. Kersey*, Framingham, Massachusetts, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Hampshire dated Feb-

ruary 27, 2004, the respondent was disbarred in that state based upon his contempt of court in the course of his disciplinary proceeding, which was based on a three-month suspension in Massachusetts that, in turn, emanated from contempt findings against the respondent in his Vermont divorce action.

The Grievance Committee for the Second and Eleventh Judicial Districts served the respondent with a notice of motion pursuant to 22 NYCRR 691.3 based upon his New Hampshire disbarment. By decision and order on motion dated February 10, 2005, the Grievance Committee's motion to impose reciprocal discipline upon the respondent based upon disciplinary action taken against him in the State of New Hampshire was held in abeyance and the matter was referred to the Honorable Francis X. Egitto, as Special Referee, to hear and report with respect to the respondent's defenses to the imposition of reciprocal discipline. By opinion and order of this Court dated September 10, 2001, the respondent was publicly censured based upon disciplinary action taken against him by order of the Supreme Judicial Court for the Commonwealth of Massachusetts for Suffolk County, entered September 10, 1999 (*see Matter of Kersey*, 286 AD2d 75 [2001]).

In his verified response dated May 14, 2004, the respondent raised all of the defenses to the imposition of reciprocal discipline as set forth in 22 NYCRR 691.3 (c) and requested a hearing.

After a hearing, the Special Referee concluded that the respondent failed to meet his burden of proof with respect to any of the three enumerated defenses. The Grievance Committee moved to confirm the Special Referee's report. The respondent opposed the Special Referee's findings and the Grievance Committee's motion to confirm. In addition, the respondent moved to supplement the factual statements set forth in the Special Referee's report and requested an oral hearing. The Grievance Committee has taken no position with respect to that motion.

From the record, it is apparent that the respondent had notice of all procedures and an opportunity to be heard and to take an appeal. There is no support for his argument that he was denied due process.

With respect to his argument regarding the infirmity of proof establishing his misconduct, it bears noting that the respondent is reiterating the same arguments that he has repeatedly made before numerous New Hampshire tribunals.

The respondent is not permitted, in the context of a reciprocal disciplinary proceeding, to once again challenge the merits

of the determination reached by a sister state. The Special Referee properly found that the respondent failed to sustain his defense regarding the infirmity of proof establishing the underlying misconduct.

Notwithstanding the respondent's expressed dissatisfaction with the determinations of both the New Hampshire and the Massachusetts courts, he has not established that the imposition of reciprocal discipline would be unjust. His New Hampshire disbarment was predicated upon his defiance of court orders and his contempt for the system. His repeated attempts to reargue the merits of the proceedings in the sister state, after having been afforded every available avenue of review, do not sustain this defense.

Inasmuch as there is no basis upon which to sustain any of the defenses enumerated by the respondent, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's motion to supplement the record and to have further oral argument is denied. The respondent is publicly censured based upon the disciplinary action taken against him by the Supreme Court of New Hampshire.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and COZIER, JJ., concur.

Ordered that the petitioner's motion is granted and the respondent's motion is denied; and it is further,

Ordered that the respondent is publicly censured for his misconduct, based upon the discipline imposed upon him in the State of New Hampshire.