[817 NYS2d 384]

In the Matter of STEVEN P. HERMAN (Admitted as STEVEN PHILIP HERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 20, 2006

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*James P. Gillece* of the Maryland Bar, admitted pro hac vice, for respondent.

## OPINION OF THE COURT

Per Curiam.

By opinion and order of the Court of Appeals of the State of Maryland dated March 18, 2004 (*Attorney Grievance Commn. of Md. v Herman*, 380 Md 378, 844 A2d 1181 [2004]), the respondent was disbarred based upon a finding, by clear and convincing evidence, that he intentionally and willfully used funds for a purpose other than that authorized by the client, Trans Credit America of Westchester, Inc. (hereinafter TCA), a collection agency. The Grievance Committee served the respondent with a notice pursuant to 22 NYCRR 691.3 dated May 21, 2004, to impose reciprocal discipline upon him in New York based upon the disciplinary action taken against him in the state of Maryland. In the course of its motion papers, the Grievance Committee informed the respondent of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) and to demand a hearing.

The respondent, through his counsel, submitted an answer on or about October 14, 2004, in which he requested a hearing and raised the defenses that there was such an infirmity of proof in the proceeding in the state of Maryland that this Court could not accept its finding as final and that the imposition of reciprocal discipline would be unjust. By agreement of the parties, a preliminary conference was held with the Special Referee via telephone on June 14, 2005. The hearing was conducted on June 27, 2005.

Special Referee Sullivan found that the respondent failed to establish the defenses raised and concluded that there was no reason to preclude this Court from imposing reciprocal disci-

pline based on the findings of the Court of Appeals of the State of Maryland.

The Grievance Committee now moves to confirm, in full, the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. Although served with the Grievance Committee's motion to confirm the report of the Special Referee on September 29, 2005, the respondent's counsel has neither cross-moved nor submitted any reply thereto.

It was established at the hearing that the respondent made no disbursements to TCA in the year 2000 although there was money in his escrow account on behalf of TCA. By the respondent's own admission, "[t]hey were disputing everything that was going on with me." He nevertheless wrote checks to himself from the Citibank account during that time and used his ATM card to withdraw cash. According to the respondent, Citibank provided him with the ATM card and advised him that it was appropriate to make cash withdrawals. He conceded, on cross-examination, that he took out a home equity loan of approximately $9,800 to repay TCA because the money was not in his attorney escrow account.

As found by the State of Maryland courts, the respondent notified the Attorney Grievance Commission on August 20, 2001, that a total of $10,245.82 had not been remitted to TCA. That sum resulted from collections made by the respondent prior to November 1999. As established by financial records for both bank accounts which were turned over to the petitioner, the respondent failed to hold that sum in trust. He obtained a home equity loan to pay the funds ultimately remitted to TCA. Although the respondent remitted no funds to TCA from December 1999 until March 2001, he continued to disburse trust funds on his own behalf and often used the ATM card provided him by Citibank to withdraw funds from that account. Given his admission that he was involved in an ongoing dispute at the time, the respondent's actions evinced a willful and intentional misappropriation of escrow funds.

An attorney admitted to the New York State bar who has been disciplined in another jurisdiction cannot use New York as an appellate tribunal with respect to the findings of that jurisdiction.

Notwithstanding the respondent's cooperation and expressed remorse, the fact that he has repaid all money owed TCA, and the mitigation advanced, specifically that his escrow account

difficulties arose because of a failed accounting system, his psychological condition, marital discord, and his excessive use of alcohol, he has failed to meet his burden of proof with respect to either of the two defenses raised. Accordingly, the motion is granted and, effective immediately, the respondent is disbarred in New York based upon his disbarment in the state of Maryland and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent Steven P. Herman, admitted as Steven Philip Herman, is disbarred, and his name is stricken from the roll of attorney's and counselors-at-law; and it is further,

Ordered that the respondent, Steven P. Herman, admitted as Steven Philip Herman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven P. Herman, admitted as Steven Philip Herman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven P. Herman, admitted as Steven Philip Herman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).