[7 NYS3d 580]

In the Matter of FRANCIS ANTHONY MINITER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 6, 2015

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Francis Anthony Miniter*, Kensington, Connecticut, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The instant application is predicated upon a memorandum decision of the Superior Court of Connecticut, Judicial District of Hartford, dated and filed November 30, 2011 (*Disciplinary Counsel v Miniter*, 2011 WL 6934610, 2011 Conn Super LEXIS 3080 [Nov. 30, 2011, Nos. CV106010154, CV094044362]), relating to two presentments filed by Connecticut disciplinary counsel in 2009 and 2010. By order dated January 20, 2011, the two presentments were consolidated. Pursuant to the November 30, 2011 determination, the following counts formed the basis for the imposition of discipline by the Superior Court of Connecticut:

### The 2009 Presentment

Count one of the 2009 presentment alleged that the respondent was reprimanded by the Statewide Grievance Committee five times within five years of the filing of the 2009 presentment, as follows:

> (1) *Digiacomo-Canellas v Miniter* (05-0317A): after a full hearing in which the respondent testified, the Reviewing Committee found that the respondent filed a wrongful death action in New York on behalf of a client beyond the statute of limitations period, failed to inform the client that the case was dismissed, and failed to respond to numerous requests for information from the client, in violation of Connecticut Rules of Professional Conduct (hereinafter CRPC) rules 1.3 (diligence) and 1.4 (communication);

> (2) *Hartford Judicial Panel v Miniter* (06-0262): the respondent failed to timely respond to a grievance

complaint arising from an unpaid judgment, and an inquiry from the grievance panel concerning the same, in violation of CRPC rule 8.1 (2) (knowing failure to respond to a lawful demand of a disciplinary authority);

(3) *Smith v Miniter* (06-0323): the respondent failed to appear at the hearing. The Reviewing Committee found that the respondent failed to provide a client with a retainer agreement, to represent the client diligently, and to return the client's telephone calls, as well as requests for information, under circumstances where the client's case was dismissed, in violation of CRPC rules 1.3, 1.4 and 1.5 (b) (scope of representation);

(4) *Hartford Judicial Panel v Miniter* (06-0577): after a full hearing in which the respondent testified, the Reviewing Committee found that the respondent failed to respond to letters from the Statewide Grievance Committee in connection with an overdraft notice, in violation of CRPC rule 8.1 (2); and

(5) *Lee v Miniter* (07-0484): after a full hearing in which the respondent testified, the Reviewing Committee found that the respondent failed to return a client's phone calls and failed to communicate with his client, in violation of CRPC rule 1.4.

Count two of the 2009 presentment arose out of the respondent's representation of a plaintiff (Grace Wright) in civil litigation. The presentment contained the following charges:

"(a) Violation of Rule 1.15 (b) of the Rules of Professional Conduct for Respondent's failure to hold client funds in a separate account from his own property, and to keep complete records of such funds;

"(b) Violation of Practice Book § 2-27 (a) for Respondent's failure to maintain, separate from his personal funds, one or more accounts accurately reflecting the status of funds handled by him;

"(c) Violation of Practice Book § 2-27 (b) for Respondent's failure to keep records of the maintenance and disposition of all funds of his clients from the time of receipt to the time of distribution;

"(d) Violation of CRPC rule 1.15 (e) of the Rules of Professional Conduct for Respondent's failure to provide his client with the funds that the client

was entitled to receive upon request by the client, and to render a full accounting regarding such funds;

"(e) Violation of CRPC rule 1.5 of the Rules of Professional Conduct for Respondent's failure to credit the $1,500.00 retainer fee paid by his client against the one-third contingency fee charged in the civil case."

## The 2010 Presentment, as Amended

Count one arises from the respondent's failure to pay a small claims judgment in the amount of $577.72, entered on behalf of a court reporter, Gerald Gale. The judgment was eventually satisfied by way of a sheriff's execution on the respondent's bank account. By failing to pay a civil judgment, the respondent engaged in conduct that is prejudicial to the administration of justice in violation of CRPC rule 8.4 (4).

Count two arises from the respondent's representation of four plaintiffs—Trinene Davis, Regina Moore, Michael Ayers and Shirley Weaver—in a federal discrimination action, and alleged that the respondent:

"(a) failed to insure proper service of the lawsuit which resulted in a dismissal of the action in violation of CRPC rule 1.3;

"(b) failed to maintain an adequate level of communication with his clients in violation of CRPC rule 1.4;

"(c) failed to answer the grievance complaint in violation of CRPC rule 8.1 and Practice Book § 2-32 (a) (1);

"(d) threatened to withdraw from representation unless the clients withdrew the grievance complaint in violation of CRPC rule 8.4 (4); and

"(e) failed to return documents and papers to his clients in violation of CRPC rule 1.16 (d)."

Count four arises from the respondent's representation of client Trinene Davis in a worker's compensation matter and alleged that the respondent:

"(a) failed to act diligently to ensure that an appeal was timely filed in violation of CRPC rule 1.3;

"(b) failed to answer the grievance complaint in violation of CRPC rule 8.1 and Practice Book § 2-32 (a) (1); and

"(d) [sic] threatened to terminate the representation unless the grievance complaint was withdrawn in violation of CRPC rule 1.16 (d)."

Count six arises out of the respondent's representation of client Jan Dormsjo who was seeking to terminate a business contract. The respondent received a $1,000 retainer fee from the client, but did not provide the client with a retainer agreement. The presentment alleged that the respondent:

"(a) failed to answer a grievance complaint in violation of CRPC rule 8.1 and Practice Book § 2-32 (a) (1);

"(b) retained an unreasonable fee of $1,000 in violation of CRPC rule 1.5 (a);

"(c) failed to promptly refund the retainer fee to the client and to provide a full accounting in violation of CRPC rule 1.15 (b);

"(d) failed to enter into a written retainer agreement with a client in violation of CRPC rule 1.5 (b); and

"(e) failed to provide his client with a refund of the unearned retainer upon termination of his representation in violation of CRPC rule 1.16 (d)."

Count seven arises out of the respondent's failure to pay four outstanding court judgments and his failure to answer the grievance complaint concerning the same in violation of CRPC rules 8.1 and 8.4 (4).

A trial was held over the course of four days between March and July 2011. By memorandum decision dated November 30, 2011, the Superior Court of Connecticut found that the disciplinary counsel had established by clear and convincing evidence that the respondent violated the CRPC, as alleged in counts one and two of the 2009 presentment, and counts one, two, four, six and seven of the 2010 presentment, as amended. In determining to impose a seven-year suspension, the Superior Court of Connecticut noted, in relevant part, that it was:

"most troubled by four factors common to all of [the respondent's] conduct involved in his many griev-

ance complaints: his abiding disrespect and contempt for his clients; his refusal, or more disturbing, inability, to acknowledge his own misconduct; his total lack of remorse; and, finally, his pattern of lying about that misconduct to his clients, to state commissions, to grievance panels and to both federal and state court judges." (*Disciplinary Counsel v Miniter*, 2011 WL 6934610, *21, 2011 Conn Super LEXIS 3080, *63 [Nov. 30, 2011, Nos. CV106010154, CV094044362].)

Furthermore, the respondent failed to offer "any evidence of any mitigating circumstance[s]."

On or about December 5, 2011, the respondent moved to reargue and reconsider in the Superior Court of Connecticut, which was denied by order dated December 7, 2011. The respondent moved for a stay on or about December 12, 2011, and, after a hearing on December 19, 2011, the motion was denied. The respondent then filed an appeal with the Appellate Court of the State of Connecticut on or about December 20, 2011. By order dated January 12, 2012, that Court ordered the appeal dismissed unless the respondent filed the requisite certification regarding the transcripts before January 23, 2012. The respondent failed to comply, and the appeal was dismissed by order dated January 27, 2012. On or about February 14, 2012, the respondent moved in the Appellate Court of the State of Connecticut to vacate the dismissal order, which was denied by order dated March 14, 2012. Ultimately, the respondent appealed the suspension determination to the State of Connecticut Supreme Court on or about April 3, 2012. By order dated April 25, 2012, the respondent's petition for certification to appeal was denied (*see Disciplinary Counsel v Miniter*, 304 Conn 927, 41 A3d 1051 [2012]).

On or about July 16, 2013, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3, apprising him of his right to file, within 20 days of service upon him, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in section 691.3 (c). In response thereto, the respondent filed a verified statement objecting to the imposition of reciprocal discipline on the grounds that: (1) the procedure in Connecticut was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such an infir-

mity of proof establishing the misconduct that this Court cannot accept as final the findings made by the Superior Court of Connecticut; and (3) the imposition of discipline by this Court would be unjust because the discipline imposed by Connecticut is too harsh, and because, until August 2012, when he took on a New York case for a client of 32 years, he had not actively practiced in New York.

A hearing was held on May 22, 2014, before a Special Referee, at which the respondent testified in his own behalf as to each of the foregoing defenses. A certified copy of the court file from the Connecticut proceedings, as well as the transcripts from the Connecticut hearings, were received in evidence at the hearing.

Following the hearing, the Special Referee submitted a report in which he found that the respondent failed to sustain his burden of proving any of the defenses to the imposition of reciprocal discipline enumerated in section 691.3 (c) that were asserted by him. The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the Grievance Committee's motion to confirm the Special Referee's report, asserting that there were gross failures in due process. He predicates his argument on six grounds: (1) the improper consolidation of the presentments; (2) the deprivation of his right to remain silent; (3) the claim that CRPC rule 8.4 (4) is unconstitutionally vague; (4) the Connecticut Superior Court's failure to sequester the witnesses; (5) the deprivation of his right to pretrial discovery; and (6) the improper introduction of testimony unrelated to the consolidated presentment.

In the context of a disciplinary proceeding pursuant to 22 NYCRR 691.3, the respondent is not permitted to once again challenge the merits of the determination reached by a sister state (see Matter of Kersey, 27 AD3d 118 [2006]). Here, the Special Referee concluded, and we agree, that a review of the record of the Superior Court of Connecticut's proceedings fails to support the respondent's claim of a lack of due process, or that there was an infirmity of proof in those proceedings. Moreover, notwithstanding the limited nature of the respondent's legal practice in New York, he has not established that the imposition of reciprocal discipline would be unjust.

Under the totality of the circumstances, we find that the Special Referee properly concluded that the respondent failed

to establish, by a fair preponderance of the credible evidence, the affirmative defenses that would prevent this Court from imposing such discipline upon the respondent. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, the motion to confirm the report is granted, and, effective immediately, the respondent is suspended from the practice of law in New York for a period of five years. Further, any application by the respondent for future reinstatement in New York shall be conditioned upon the respondent's reinstatement in Connecticut.

ENG, P.J., MASTRO, RIVERA, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Francis Anthony Miniter, is suspended from the practice of law for a period of five years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement prior to his reinstatement in Connecticut. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), (4) has been reinstated in Connecticut, and (5) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Francis Anthony Miniter, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Francis Anthony Miniter, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency,

and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).