[24 NYS3d 915]

In the Matter of ANTHONY PETER VIGNA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 17, 2016

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Anthony P. Vigna*, Thornwood, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On September 27, 2013, the Grievance Panel for the Judicial District of Hartford, Connecticut, filed a grievance complaint against the respondent. On May 27, 2015, the respondent executed an affidavit wherein, although he denied "some or all of the material facts" alleged in the complaint, he admitted that there was "sufficient evidence to prove by clear and convincing evidence the material facts constituting a violation of" rule 1.15 (b) of the Connecticut Rules of Professional Conduct. That rule, entitled "Safekeeping Property," provides:

> "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of seven years after termination of the representation."

Upon the respondent's admission in his affidavit, the Connecticut Superior Court, Judicial District of Hartford, suspended the respondent "for a period of 90 days," commencing July 21, 2015. The Superior Court directed that the order and the record "be forwarded to the attorney disciplinary authority of the State of New York for reciprocal attorney disciplinary proceedings." The court further directed, inter alia, that the "[r]espondent shall not file a Motion for Reinstatement in Connecticut until the conclusion of any New York attorney disciplinary proceedings, if any, plus 2 years of good standing in New York."

The Grievance Committee for the Ninth Judicial District served the respondent with a notice dated September 17, 2015, pursuant to 22 NYCRR 691.3, informing him of his right, within 20 days, to file a verified statement setting forth any of

the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c), as well as to demand a hearing.

In a verified statement dated October 8, 2015, the respondent objected to the imposition of reciprocal discipline by this Court on two of the three grounds enumerated in 22 NYCRR 691.3 (c), namely, that: (1) there was such an infirmity of proof establishing the misconduct that this Court cannot accept as final the findings made in the Connecticut determination, and (2) the imposition of discipline by this Court would be unjust. No hearing was requested.

According to the respondent, the discipline imposed in Connecticut resulted from "Connecticut's position . . . that there was a violation of Custom 14 (Timing to Record) of the Greater Bridgeport Bar Association, Inc. Real Estate Closings Customs," which provides that "[p]rior to disbursing any funds from the sale of property, the seller's attorney should allow the buyer's attorney a reasonable opportunity to record his documents on the land records." He states that rule 1.15 of the Connecticut Rules of Professional Conduct for the safeguarding of property "was violated in that client funds, in this case, bank funds, were released without permission from the buyer's attorney to disbursement [sic]." The respondent explains, "I accepted discipline in Connecticut because I was unaware of the Customs of Real Estate Closings in Connecticut (Custom 14) and Connecticut's interpretation as explained by my attorney."

Despite his objections, the respondent has failed to show either that the proof of his misconduct was infirm (see Matter of Miniter, 129 AD3d 169, 175 [2015]), or that it would be unfair to impose reciprocal discipline.

Under the totality of the circumstances, the Grievance Committee's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted, and the respondent is publicly censured in New York.

Eng, P.J., Mastro, Rivera, Dillon and Miller, JJ., concur.

Ordered that the petitioner's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Anthony Peter Vigna, is publicly censured.