[34 NYS3d 601]

In the Matter of STEVEN JAY STANWYCK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 20, 2016

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Steven Jay Stanwyck*, Santa Monica, California, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a notice pursuant to 22 NYCRR 691.3 seeking to impose reciprocal discipline upon him based upon an opinion and order of the Supreme Court of California, filed January 12, 2012, which disbarred the respondent from the practice of law in that state (2012 Cal LEXIS 858 [Sup Ct, Jan. 12, 2012, No. S196292]). The respondent filed a verified statement dated October 8, 2013, together with numerous exhibits from the California proceedings, and raised all three enumerated defenses provided for in 22 NYCRR 691.3 (c), namely, that (1) the California proceedings were so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such an infirmity of proof in the California proceedings that this Court cannot accept as final the findings made by California; and (3) the imposition of discipline by this Court would be unjust. By decision and order on motion dated January 6, 2014, this Court directed a hearing, upon the respondent's demand pursuant to 22 NYCRR 691.3 (d), and the Honorable Jerome Becker was appointed as Special Referee, to hear and report.

After a hearing on March 26, 2014, the Special Referee filed a report dated August 8, 2014, in which he concluded that the respondent failed to meet his burden of proof with respect to any of the three defenses enumerated in 22 NYCRR 691.3 (c). The Grievance Committee moved, inter alia, to confirm the Special Referee's report, and the respondent made an application pursuant to 22 NYCRR 691.13 (c) (1) to hold in abeyance the disciplinary proceeding, including the Grievance Committee's motion, on the ground that he was unable to adequately defend himself based upon a disability. By decision and order on motion of this Court dated January 5, 2015 (2015 NY Slip Op 60128[U]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.13 (c), and he was directed to be expeditiously examined by a qualified medical expert to be arranged by the Chief Counsel to the Grievance Committee within 30 days after the date of the decision and order. Additionally, the respondent's application was granted, and the disciplinary proceeding, including the motion, inter alia, to confirm the Special Referee's report, was held in abeyance until further order of this Court. The respondent

filed an affidavit of compliance with this Court on January 20, 2015.

The respondent failed to be examined by a qualified medical expert as directed by this Court. Instead, the respondent filed an application for reinstatement pursuant to 22 NYCRR 691.13 (e) (1), supported by a letter from a psychologist. By decision and order on motion dated July 22, 2015 (2015 NY Slip Op 79745[U]), this Court denied the application, and directed that the respondent be expeditiously examined by a qualified medical expert to be arranged by the Chief Counsel to the Grievance Committee within 30 days after the date of the decision and order. The disciplinary proceeding against the respondent, including the motion, inter alia, to confirm the Special Referee's report, was continued to be held in abeyance until further order of this Court.

Subsequently, the Grievance Committee moved, inter alia, to determine the respondent's fitness to practice law and to resume the disciplinary proceeding. In support, a report from the respondent's psychiatrist was submitted in lieu of an examination by an independent medical expert. By decision and order on motion dated January 25, 2016 (2016 NY Slip Op 62240[U]), this Court, among other things, immediately reinstated the respondent to the practice of law, and directed the disciplinary proceeding to resume. Further, on the Court's own motion, the respondent's time to serve and file papers in opposition or in relation to the Grievance Committee's motion to confirm the report of the Special Referee was extended until February 24, 2016.

The respondent filed papers dated February 23, 2016, with the Court, in relation to the Grievance Committee's motion to confirm. The Grievance Committee seeks leave to submit a reply dated March 2, 2016, for the Court's consideration. By email dated April 25, 2016, the respondent, among other things, seeks leave to file a surreply to the Grievance Committee's reply.

### The California Proceedings

The California opinion and order disbarring the respondent is predicated upon an opinion and order of the State Bar Court of California (hereinafter State Bar Court) Review Department, filed July 15, 2011 (case Nos. 02-O-10226, 05-O-02193, available at, http://www.statebarcourt.ca.gov/Opinions/NonPublishedOpinions.aspx) (hereinafter the SBC order). The

California proceedings began with the filing of a notice of disciplinary charges (hereinafter NDC) by the State Bar of California (hereinafter the State Bar) in July 2006. The allegations in the NDC emanate from the respondent's representation of United Computer Systems (hereinafter UCS) in protracted litigation against several parties including AT&T, Lucent Technologies, and NCR (hereinafter collectively AT&T). In 2002, certain state and federal trial courts declared the respondent to be a vexatious litigant, and the United States Court of Appeals for the Ninth Circuit (hereinafter the Ninth Circuit) sanctioned him for abusing the judicial process. Based upon these rulings, the NDC alleged that the respondent: (1) maintained an unjust action in state court; (2) maintained an unjust action in federal court; and (3) failed to pay sanctions ordered by the Ninth Circuit. After a hearing, the hearing judge sustained charges one and two, and dismissed charge three, with prejudice, for lack of evidence. After considering three factors in aggravation, and two in mitigation, the hearing judge concluded that the respondent was unfit to practice law, and recommended that he be disbarred.

The respondent sought review before the State Bar Court, contending, inter alia, that the State Bar did not present "clear and convincing evidence" of his misconduct. He requested that the hearing judge's decision be reversed, and that the court impose no more than a "public reproval." After an independent review of the record, the State Bar Court found that the respondent "maintained unjust actions in state and federal courts for over five years." Notably, after a de novo review of all of the respondent's arguments, the State Bar Court found "no merit to [his] procedural and substantive challenges" and adopted the hearing judge's decision, stating:

### Findings of Fact and Conclusions of Law

"In 1986, UCS and AT&T entered into a software agreement with an arbitration clause. A dispute arose, and UCS initiated an arbitration against AT&T. The panel of arbitrators awarded UCS over $16 million, and a federal district court confirmed the award in 1991. In 1992, AT&T attacked the arbitration award by successfully arguing that UCS committed fraud, and the district court vacated the award. By this time, [the respondent] had begun representing UCS, and the problems began. During

the proceedings, the district court imposed rule 11 sanctions against [the respondent] and UCS for filing frivolous pleadings and filing pleadings for an improper purpose. In 1993, the Ninth Circuit reversed the district court's decision to vacate the arbitration award, but affirmed the rule 11 sanctions. [The respondent's] misconduct is based on his relentless crusade against AT&T in state and federal court from 1997 to 2002."

### Count One

"In 2001, AT&T filed a motion to declare [the respondent] a vexatious litigant after he filed several unsuccessful lawsuits against it. The superior court granted the motion under California Code of Civil Procedure section 391, finding that in the previous seven years, [the respondent] 'commenced, prosecuted or maintained more than five litigations . . . that have been finally determined adversely' against him. Those cases included the following:

"• In March 1997, [the respondent] sued the Walt Disney Company for breach of a joint venture agreement and dismissed the action two years later.

"• In October 1997, [the respondent] sued the law firm that represented him in an appeal involving AT&T, but dismissed the action in April 1998.

"• In February 1999, [the respondent] sued an arbitrator and the American Arbitration Association (AAA) but dismissed the action in November 1999.

"• In June 1999, AT&T filed a petition to confirm an arbitration award decided against [the respondent]. The federal district court confirmed the award, [the respondent] appealed and the Ninth Circuit affirmed.

"• [The respondent] filed a state court action against AT&T that AT&T removed to federal court in August 2000. The case involved claims previously decided against [the respondent]. [The respondent] dismissed the case in December 2000.

"• In June 2000, [the respondent] sued AAA and others in state court, reiterating claims raised in prior actions. The court entered judgment in favor

of the defendants, [the respondent] appealed and the appellate court dismissed the appeal for failure to prosecute.

"• In July 2001, [the respondent] filed an involuntary petition against a family investment partnership. The state court dismissed the action and awarded $12,000 in attorney fees and costs and $50,000 in punitive damages against [the respondent]. [The respondent] appealed and the appellate court dismissed the case for failure to prosecute.

"The superior court found [the respondent] to be a vexatious litigant because, in addition to filing and maintaining these actions, he had repeatedly re-litigated issues, filed unmeritorious pleadings and engaged in frivolous tactics solely intended to cause unnecessary delay."

Based upon the foregoing, count one charged the respondent with maintaining an unjust state court action, in violation of California Business and Professions Code § 6068 (c), based on his misconduct in state court, such as filing matters that were determined adversely to him, re-litigating issues or cases, and filing non-meritorious motions, pleadings, or papers that were frivolous or intended to cause unnecessary delay. The State Bar Court concluded, among other things, that the respondent "filed at least eight matters within a seven-year period that were decided against him or UCS, . . . litigated matters that were previously decided, and continually filed pleadings that were frivolous or intended to unnecessarily delay the proceedings." Thus, the State Bar Court found that the respondent maintained an unjust action in state court.

The State Bar Court also stated that:

### Count Two

"In October 1999, [the respondent] sought to arbitrate another matter against AT&T before the AAA. . . . [A]n AAA employee . . . informed [the respondent] that he must first pay a filing fee. [The respondent] refused to pay the fee and instead sued AT&T and others in state court, but named [the AAA employee] as a defendant to defeat diversity jurisdiction. AT&T removed the case to the federal district court, and all claims against [the AAA employee] and AT&T were dismissed.

"[The respondent] appealed and the Ninth Circuit reversed only the judgment dismissing AT&T but ordered [the respondent] to pay the arbitration filing fee before the case could proceed. The court also warned [the respondent] about repeatedly filing actions against AT&T in state and federal court [as follows]: '[W]e acknowledge that counsel for UCS seems very close to pushing zealous advocacy beyond the breaking point. . . . From our perspective, it appears that UCS's detour into state and federal court has been a vexatious attempt to forestall the inevitable. . . . [The district court] may certainly impose sanctions whenever a lawyer practicing before it vexatiously manipulates the litigation process. UCS is perilously close to this line, if not well beyond it.'

"Despite the court's directive to pay the filing fee, [the respondent] again refused to do so and instead filed a new demand for arbitration. The federal district court dismissed the action because [the respondent] failed to comply with the Ninth Circuit order to pay the fee, and granted the defendants' motion to declare [the respondent] a vexatious litigant under [California] Code of Civil Procedure section 391. The district court explained its vexatious litigant ruling as follows: (1) [the respondent] had maintained over five litigations that were determined adversely against him during the prior seven years; (2) many of [the respondent's] actions involved meritless appeals and attempts to re-litigate prior decisions or to collaterally attack them by alleging misconduct by the lawyers and judges; (3) four different courts sanctioned and declared [the respondent] to be a vexatious litigant for his meritless filings; and (4) [the respondent] abused the judicial process. The district court concluded that [the respondent] has 'abused the process of this and other Courts and [is] likely to continue this abuse.'

"[The respondent] appealed to the Ninth Circuit, filing several additional motions there. The appellate court affirmed the vexatious litigant determination and imposed $16,000 in attorney fees against [the respondent] for abusing the judicial process.

> The court described [the respondent's] misconduct in its ruling: '[The respondent has] attempted to litigate some or all of [his] claims against AT&T in no fewer than five arbitrations and eight lawsuits, and [has] further attempted to sue attorneys and judges involved in the AT&T arbitrations and lawsuits ten times. Four of these lawsuits have resulted in declarations that . . . [the respondent was a] vexatious litigant and four of them have resulted in other sanctions being imposed on . . . [the respondent]. There is no doubt that . . . [the respondent has] an abusive and lengthy history of litigation against AT&T, its corporate affiliates, officers, and lawyers.' "

Count two charged the respondent with maintaining an unjust federal court action, in violation of California Business and Professions Code § 6068 (c), based upon the respondent's misconduct in the federal district and appellate courts by, among other things, re-litigating issues, filing non-meritorious motions, and abusing the judicial process. The State Bar Court concluded that the respondent "maintained an unjust action in the federal courts by filing fruitless motions on appeal, using frivolous tactics to defeat diversity jurisdiction and disregarding the Ninth Circuit's order to pay the arbitration fee."

### Factors in Aggravation and Mitigation

The State Bar Court considered the significant harm to the administration of justice and to the parties; the respondent's lack of insight and remorse; and the multiple acts of wrongdoing as aggravating factors. In mitigation, the State Bar Court considered the absence of any prior disciplinary history and the respondent's pro bono activities, albeit limited, as a court settlement officer for two years.

In determining that the respondent should be disbarred, the State Bar Court considered the gravity of the respondent's offense, and the harm he inflicted on parties and the legal system, finding that the respondent "wasted judicial resources, burdened the courts with frivolous filings, delayed proceedings, and harassed parties, including judges who decided cases against him." The State Bar Court also determined that the respondent's "pattern of misconduct" further warranted disbarment. The State Bar Court noted:

"Despite countless opportunities to conform his behavior to the ethical demands of the profession, [the respondent] chose instead to continue his meritless litigation. We are troubled that he fails to realize that his actions go beyond zealous advocacy, and believe he will continue abusing the legal system. After considering the aggravating and mitigating factors and decisional law, we recommend that [the respondent] be disbarred as the discipline necessary to protect the public, the courts and the legal profession."

Based upon the SBC order, the Supreme Court of California, by order dated and filed January 12, 2012, disbarred the respondent from the practice of law in that state (*see Matter of Stanwyck*, 2012 Cal LEXIS 858 [Sup Ct, Jan. 12, 2012, No. S196292]).

## The New York Proceedings

Pursuant to the decision and order on motion of this Court dated January 6, 2014, the respondent was afforded a hearing, which was held on March 26, 2014. Following the hearing, the Special Referee submitted a report dated August 8, 2014, in which he found that the respondent failed to meet his burden of establishing any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. In opposition, the respondent contends, among other things, that he was denied due process in the California proceedings and that the underlying proceedings were not "the subject of any adverse process," and that, given all the circumstances, he should be at most privately admonished.

In the context of a disciplinary proceeding pursuant to 22 NYCRR 691.3, the burden to establish the defenses enumerated in section 691.3 (c) rests with the respondent (*see Matter of Marcus*, 65 AD3d 203 [2009]; *Matter of Wood*, 42 AD3d 77 [2007]; *Matter of Kersey*, 27 AD3d 118 [2006]). From the record, including the exhibits produced by the respondent from the California proceedings, it is apparent that respondent had notice of all procedures, an opportunity to be heard, and the right to seek review on appeal. We therefore conclude that the respondent has failed to prove that the California proceedings

were so lacking in notice or opportunity to be heard as to constitute a deprivation of due process. Similarly, while the respondent contends that there was an infirmity of proof, the underlying decision of the State Bar Court sufficiently demonstrates that such claim is without merit. Of note, the determination of misconduct in California was sustained by clear and convincing evidence, a standard of proof greater than the New York standard of preponderance of the evidence. Nevertheless, the respondent is not permitted to once again challenge the merits of the determination reached by a sister state, and this Court does not sit as an appellate tribunal with respect to the findings of another jurisdiction (*see Matter of Miniter*, 129 AD3d 169 [2015]; *Matter of Marcus*, 65 AD3d 203 [2009]; *Matter of Herman*, 32 AD3d 84 [2006]). The respondent has also failed to establish that the imposition of discipline in New York would be unjust.

Under the totality of the circumstances, we find that the Special Referee properly concluded that the respondent failed to establish the defenses that would prevent this Court from imposing such discipline upon him. In determining an appropriate measure of discipline to impose, while the respondent seeks to limit the sanction to a private admonition, we find that he is guilty of serious professional misconduct.

Accordingly, the Grievance Committee's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred in New York based on the disciplinary action taken against him in California.

ENG, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.

Ordered that the petitioner's application for leave to file a reply, and the respondent's application for leave to file a surreply, are denied; and it is further,

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the petitioner's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Steven Jay Stanwyck, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Steven Jay Stanwyck, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven Jay Stanwyck, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Jay Stanwyck, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).