Matter of Harrison (2020 NY Slip Op 04837)





Matter of Harrison


2020 NY Slip Op 04837


Decided on September 2, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-11826

[*1]In the Matter of Joseph I. Harrison, admitted as Joseph Isaac Harrison, an attorney and counselor-at-law. (Attorney Registration No. 4661559)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on December 9, 2008, under the name Joseph Isaac Harrison. By letter dated October 11, 2019, the respondent notified this Court that he had been disciplined by an order of the Supreme Court of the State of Florida dated August 8, 2019, which granted the respondent's petition for disciplinary revocation. By order to show cause dated November 6, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13, imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of the State of Florida dated August 8, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before December 30, 2019. Motion by the respondent for leave to file additional papers in response to this Court's order to show cause dated November 6, 2019.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
J. Richard Supple, Jr., New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
By order dated August 8, 2019, the Supreme Court of the State of Florida granted the respondent's petition for disciplinary revocation, with leave to seek readmission after five years. By letter dated October 11, 2019, the respondent notified this Court of the order of the Supreme Court of the State of Florida dated August 8, 2019.
Florida Proceedings
The respondent had been a member of the Florida Bar since November 17, 2006. On or about July 1, 2019, the respondent, pursuant to rule 3-7.12 of the Rules Regulating the Florida Bar, filed a petition for disciplinary revocation. Therein, the respondent acknowledged, among other things, that "[he], represented and with the advice of counsel, knowingly and voluntarily submits this petition with full knowledge of its effect." He further acknowledged that the disciplinary charges then pending against him emanated from a notice of insufficient funds in his trust account generated by Chase Bank on November 19, 2018. The respondent contended that the notice was the result of a timing issue regarding clearing of funds, and he provided the Florida Bar with proof that the checks at issue were paid. The Florida Bar acknowledged that as of the filing of the petition for disciplinary revocation, no clients had filed any grievances alleging financial loss as a result of the respondent's conduct.
By order dated August 8, 2019, the Supreme Court of the State of Florida granted the [*2]respondent's petition for disciplinary revocation, with leave to seek readmission after five years. Pursuant to rule 3-7.12 of the Rules Regulating the Florida Bar, disciplinary revocation is tantamount to disbarment.
Order to Show Cause
By order to show cause dated November 6, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13, imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of the State of Florida dated August 8, 2019.
The respondent submitted an affirmation of counsel, supported by an affidavit of the respondent with documentary exhibits regarding the Florida proceedings. The respondent does not dispute that he may properly be disciplined for careless escrow management practices; however, he argues that reciprocal discipline in the form of disbarment would be unjust. The respondent claims that the dishonored checks that were the subject of the Florida proceedings were the result of his "poor accounting controls," and that the error was promptly remedied, resulting in the two checks being paid in full. In an accompanying affidavit, the client on whose behalf the checks were issued contends that he was not prejudiced by the dishonored checks. Nevertheless, the respondent asserts that "[t]o save on fees and because [he] was scarcely practicing in Florida," and upon advice of counsel, he submitted the voluntary petition for disciplinary revocation. The respondent contends that when he did so, his counsel did not apprise him of the fact that the Florida order would be tantamount to disbarment, or that the Florida proceedings would lead to "career-crippling reciprocal consequences in New York." The respondent argues that his conduct merits no worse than a public censure. Alternatively, the respondent requests that this Court undertake a de novo investigation of the facts.
Subsequently, the respondent moved for leave to file additional papers in response to this Court's order to show cause dated November 6, 2019. He submitted, inter alia, a letter from the Florida Bar dated March 27, 2019, requesting that the respondent provide additional information regarding transactions in the trust account, and banking records from the trust account for the period from August 2018 through December 2018. The respondent states that he has forwarded these documents to authorities in other interested jurisdictions, including the New Jersey Office of Attorney Ethics, which has commenced its own investigation into his conduct. The respondent argues that upon consideration thereof, this Court should decline to impose reciprocal discipline, and instead direct the Grievance Committee to conduct a de novo investigation into his conduct.
In response, the Grievance Committee notes that the respondent filed the petition for disciplinary revocation voluntarily and while represented by counsel, and argues that his present claim to not have known that such revocation was tantamount to disbarment, or that it would have reciprocal consequences in New York, is incredible and wholly unpersuasive. The Grievance Committee additionally notes that while the respondent claims that the underlying misconduct would not have warranted disbarment if considered on the merits, the fact remains that he opted to have his license revoked rather than defend his conduct in the Florida proceedings. The Grievance Committee asserts that to the extent that the respondent now questions the validity of his revocation or seeks a substantive consideration of his conduct, that is a matter more properly addressed by the Florida court.
Findings and Conclusion
The respondent does not dispute that he may properly be disciplined; however, he contends that reciprocal discipline in the form of disbarment would be unjust and seeks the imposition of a censure or a de novo investigation in this State. As argued by the Grievance Committee, insofar as the respondent questions the validity of his revocation or seeks a substantive consideration of his conduct, that is a matter more properly addressed by the Florida court. In his petition for disciplinary revocation, the respondent acknowledged that he knowingly and voluntarily submitted the petition with full knowledge of its effect. To the extent that the respondent now seeks to challenge the findings in the Florida proceedings, he is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Carmel, 154 AD3d 72; Matter of Miniter, 129 AD3d 169; Matter of Kersey, 27 AD3d 118). Turning to the sanction to be imposed, as clearly stated in rule 3-7.12 of the Rules Regulating the Florida Bar, disciplinary revocation is "tantamount to disbarment." Similarly, the sanction imposed in New York for an attorney who submits a resignation during the pendency of a grievance investigation is disbarment.
Based upon the foregoing, we find that the imposition of reciprocal discipline is [*3]warranted. Accordingly, the respondent is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law in this State.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion of the respondent, Joseph I. Harrison, admitted as Joseph Isaac Harrison, for leave to file additional papers is granted, and those papers have been considered; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, effective immediately, the respondent, Joseph I. Harrison, admitted as Joseph Isaac Harrison, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Joseph I. Harrison, admitted as Joseph Isaac Harrison, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph I. Harrison, admitted as Joseph Isaac Harrison, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph I. Harrison, admitted as Joseph Isaac Harrison, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court