Matter of Ryan (2024 NY Slip Op 01314)

Matter of Ryan

2024 NY Slip Op 01314

Decided on March 13, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR, JJ.

2022-03855

[*1]In the Matter of Virginia S. Ryan, admitted as Virginia Susan Ryan, an attorney and counselor-at-law. (Attorney Registration No. 2352110)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 5, 1990, under the name Virginia Susan Ryan. By order to show cause dated June 7, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed August 17, 2021.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel) for Grievance Committee for the Tenth Judicial District.
Donnelly Minter & Kelly, LLC, New York, NY (Jared J. Limbach of counsel) for respondent.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of New Jersey filed August 17, 2021, the respondent was disbarred and her name was stricken from the roll of attorneys in that state based upon her consent to disbarment. The order was predicated on a matter pending against the respondent under Docket No. XIV-2020-0395E and on the respondent's "Disbarment by Consent from the Bar of the State of New Jersey," sworn to by the respondent on August 5, 2021. In the consent, the respondent stated that she consulted with counsel prior to completing the form and that her consent to disbarment was knowingly and voluntarily made. The respondent further stated that she was aware of the allegations against her of "knowingly misappropriat[ing] client funds by investing a client's funds without her knowledge." The respondent acknowledged that the allegations were true, and that if she went to a hearing on the matter, she could not successfully defend herself against the allegations.
New York Proceeding
By order to show cause dated June 7, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed August 17, 2021, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Tenth Judicial District on or before July 21, 2022.
In response, the respondent, through counsel, submits a memorandum of law and an affidavit in opposition to the order to show cause, both dated October 21, 2022, and exhibits. While the respondent admits to committing "errors in judgment," she essentially argues that she invested client/estate funds with knowledge and consent of the client/beneficiary, and that she invested the [*2]funds for the client's benefit with no enrichment to herself. Therefore, a disbarment is not warranted by this Court. The respondent further submits that at the time of her resignation in New Jersey on or about August 5, 2021, she was dealing with "extreme personal stress," was not represented by a proper counsel, and thus, did not "fully appreciate" that the resignation from the Bar of the State of New Jersey would also affect her New York law license. Essentially, the respondent's response to this Court's order to show cause contradicts the disbarment by consent that she executed. The respondent further submits that because there may be material facts in dispute since the New Jersey proceeding ended without a full and formal hearing, this Court should direct a hearing to fully investigate the misconduct.
In response, the Grievance Committee submits that the respondent, inter alia, is not permitted to relitigate or challenge the determination made by the foreign jurisdiction.
To the extent that the respondent now seeks to challenge the findings in the New Jersey proceeding, she is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Carmel, 154 AD3d 72; Matter of Miniter, 129 AD3d 169; Matter of Kersey, 27 AD3d 118). Insofar as the respondent questions the validity of her disbarment by consent or seeks a substantive consideration of her conduct, that is a matter more properly addressed by the New Jersey courts. Moreover, we find that the respondent waived her opportunity for a full and formal hearing in New Jersey by executing the disbarment by consent. She is not permitted now to seek a hearing in New York to challenge the facts in her disbarment by consent (Matter of Harrison, 187 AD3d 37). Based on the findings of the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted. The sanction imposed in New York for an attorney who submits a resignation during the pendency of a grievance investigation is disbarment, and thus, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY, and TAYLOR, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), effective immediately, the respondent, Virginia S. Ryan, admitted as Virginia Susan Ryan, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Virginia S. Ryan, admitted as Virginia Susan Ryan, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Virginia S. Ryan, admitted as Virginia Susan Ryan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Virginia S. Ryan, admitted as Virginia Susan Ryan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court