■ In the Matter of Peter A. Allen, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [894 NYS2d 920]—

Per Curiam. Respondent was admitted to the bar in Massachusetts in 1977, where he maintained an office for the practice of law concentrating primarily in the area of immigration law. In 1983, he was admitted to practice by this Court.

By order dated November 4, 2009, the Supreme Judicial Court for Suffolk County, Massachusetts suspended respondent for one year and one day for violations of the Massachusetts Rules of Professional Conduct. In the Massachusetts proceeding, respondent acknowledged that he neglected three matters, causing delay and expense to all of the clients and, in one matter,

resulting in his client being forced to return to his native country. In addition, respondent misused client funds to pay unrelated business and personal expenses.

Petitioner now moves for an order imposing discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has filed a reply affidavit that we conclude does not establish any of the available defenses to the imposition of discipline (*see* 22 NYCRR 806.19 [d]), and we therefore grant petitioner's motion.

Having considered the conduct that gave rise to respondent's discipline in Massachusetts and taking into consideration discipline imposed in that jurisdiction, we suspend respondent from the practice of law for a period of one year.

Spain, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).