[60 NYS3d 281]

# In the Matter of MARK CARMEL, an Attorney, Respondent.

Second Department, August 16, 2017

**OPINION OF THE COURT**

Per Curiam.

By order dated July 28, 2016 (2016 WL 4089048, 2016 Fla LEXIS 1684), the Supreme Court of Florida publicly reprimanded the respondent, and entered a judgment against the respondent in favor of the Florida Bar for costs in the sum of $1,781.61. The order was predicated on a complaint filed against the respondent by the Florida Bar on January 7, 2016, a document entitled "Conditional Guilty Plea for Consent Judgment" (hereinafter the consent judgment) dated June 3, 2016, and a Referee's report dated June 28, 2016, recommending acceptance of the consent judgment.

As revealed in the consent judgment, the complainant hired the respondent, a New York licensed attorney, to help obtain a visa for his girlfriend through a company called Intrax. After the respondent did some work, the complainant decided not to pursue the visa and requested a refund from the respondent. The respondent received a refund from Intrax and mistakenly deposited the check into his law office bank account. The respondent has paid back the complainant the money refunded from Intrax. The respondent is not licensed to practice law in Florida.

By virtue of the foregoing, the respondent admitted that he violated Rules Regulating the Florida Bar rule 5-1.1 (a) (1) ("A lawyer must hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in a lawyer's possession in connection with a representation"). As to the sanction, the respondent agreed to the imposition of a public reprimand and that he would pay the Florida Bar's costs.

Upon review, the Referee appointed to conduct the Florida disciplinary proceeding issued a report dated June 28, 2016, in which he recommended that the respondent be found guilty of Rules Regulating the Florida Bar rule 5-1.1 (a) (1) and noted the following mitigating factors: the respondent's cooperation with the disciplinary board, expression of remorse, and unblemished disciplinary record. As to the appropriate disciplinary sanction, the Referee recommended a public reprimand and payment of the Florida Bar's costs.

By order dated July 28, 2016, the Supreme Court of Florida approved the uncontested Referee's report, publicly repri-

manded the respondent, and entered a judgment against the respondent in favor of the Florida Bar for costs in the sum of $1,781.61.

In his response to this Court's order to show cause, the respondent requests that discipline not be imposed upon him in New York, as he "was unable to hire an attorney, and was not given proper notice nor the meaningful opportunity to plead his case and disprove [c]omplainant's unsubstantiated allegations." The respondent explains that while the disciplinary complaint in Florida was pending, he was unable to reply in a timely manner due to his need to assist his elderly father through a medical crisis, which included multiple trips to New York. The respondent contends that he did not have the financial ability to hire a lawyer, as he needed all available funds to travel to see his father. Consequently, he claims that in June 2016, he accepted the plea offered by the Florida Grievance Committee even though the plea agreement "contained many incorrect facts, and unfounded allegations." However, to the extent that the respondent seeks to challenge the findings in the Florida proceeding, he is not permitted to do so in a reciprocal disciplinary proceeding (*see Matter of Miniter*, 129 AD3d 169 [2015]; *Matter of Kersey*, 27 AD3d 118 [2006]). Moreover, we find that the respondent had notice and an opportunity to be heard in the Florida proceeding, and by virtue of his consent, there was sufficient proof to establish his misconduct.

Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of Florida, and we conclude that the appropriate sanction is a public censure.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13, the respondent, Mark Carmel, is publicly censured.