Matter of Weissmann (2020 NY Slip Op 00150)





Matter of Weissmann


2020 NY Slip Op 00150


Decided on January 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2019-01839

[*1]In the Matter of Mark Weissmann, an attorney and counselor-at-law. (Attorney Registration No. 2012748)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on September 24, 1985. By order to show cause dated March 14, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed January 29, 2018.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for Grievance Committee for the Ninth Judicial District.
Mark Weissmann, Universal City, Texas, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order of the Supreme Court of New Jersey filed January 29, 2018, the respondent was disbarred and his name was stricken from the roll of attorneys based upon his consent to disbarment. The order was predicated on a complaint filed against the respondent by the Office of Attorney Ethics of the Supreme Court of New Jersey (hereinafter the OAE) in September 2017, the subsequent investigation of that complaint, and a document entitled "Disbarment by Consent from the Bar of the State of New Jersey" and dated January 17, 2018 (hereinafter the disbarment by consent form).
The complaint filed against the respondent under Docket No. XIV-2017-0492E by the OAE arose out of a random compliance audit of his office's trust account records and business account records conducted on August 22, 2017. Following the audit, the OAE sent a letter to the respondent informing him that his accounts were operated in disregard of several New Jersey Rules of Court in that he, inter alia, failed to maintain separate ledger sheets for each trust client (see NJ Rules of Ct rule 1:21-6[c][1][B]), had client ledger cards with debit balances (see NJ Rules of Ct rule 1:21-6[d]), failed to maintain trust account and business account receipts journals and disbursements journals (see NJ Rules of Ct rule 1:21-6[c][1][A]), and failed to reconcile his client accounts to the trust account on a monthly basis (see NJ Rules of Ct rule 1:21-6[c][1][H]).
The OAE directed the respondent, inter alia, to provide bank statements, client ledger cards, a detailed receipts and disbursements journal, and monthly three-way reconciliations for his trust account and business account for the time periods at issue, and to provide detailed explanations for the transfer of client funds from his trust account to his business account. The respondent provided some of the requested records and hired an accountant to prepare three-way reconciliations. However, many questions regarding the respondent's trust account and business account remained unanswered.
A demand interview was held on December 12, 2017, at which the respondent was [*2]questioned by OAE counsel. Despite being provided with a trust account summary for the period August 1, 2015, through August 28, 2017, created from records the respondent provided as well as subpoenaed bank records, the respondent was unable to answer questions about specific transactions. During the interview, it was established that the respondent failed to identify client fees when he deposited them into either the trust account or business account, he sporadically transferred what he determined were earned fees from the trust account to the business account, he periodically deposited personal funds into the business account, and he used the business account for both business and personal disbursements.
The OAE gave the respondent an additional opportunity to clarify his records and directed him to provide reconciliations for the time period in question, as well as explanations for specific transactions and transfers. By letter dated January 4, 2018, the respondent provided additional information and informed the OAE that he had consulted an attorney regarding the submission of a disbarment by consent. The respondent's counsel submitted the disbarment by consent form pursuant to New Jersey Rules of Court rule 1:20-10(a), executed by the respondent on January 17, 2018, to the Supreme Court of New Jersey. In the form, the respondent stated that he consulted with counsel prior to completing the form and that his consent to disbarment was knowingly and voluntarily made. The respondent further stated that he was aware of the OAE's allegations that he "knowingly misappropriated funds," that the allegations were true, and that if he went to a hearing on the matter, he could not successfully defend himself against the charges.
By order of the Supreme Court of New Jersey filed January 29, 2018, the respondent was disbarred by consent and his name was stricken from the roll of attorneys.
In his response to this Court's order to show cause, the respondent requests that a period of suspension, instead of reciprocal discipline of disbarment, be imposed upon him in New York, as his conduct was not venal in nature and therefore does not rise to the level of "knowing" misappropriation deserving of disbarment. He states that he cooperated fully with the OAE, and he informed this jurisdiction of his disbarment by consent. Further, the respondent claims that he did not have the funds to hire counsel to defend the charges brought against him in New Jersey, and instead of defending the charges without the assistance of counsel, he chose to execute the disbarment by consent.
Within the New Jersey proceeding, the respondent's consent was executed after he had an opportunity to review the complaint against him, after he provided and reviewed records for the time period in question, and after he participated in a demand interview with the OAE. In addition, the respondent consulted counsel regarding the disbarment by consent. In the disbarment by consent form, the respondent admitted that the allegations against him were true and that he could not successfully defend himself against the charges. The disbarment by consent form satisfied the elements of New Jersey Rules of Court rule 1:20-10(a)(2), and pursuant to this rule, it was submitted to and approved by the Supreme Court of New Jersey. Accordingly, to the extent that the respondent now seeks to challenge the findings in the New Jersey proceeding, he is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Carmel, 154 AD3d 72; Matter of Miniter, 129 AD3d 169; Matter of Kersey, 27 AD3d 118). Moreover, we find that the respondent had notice and an opportunity to be heard in the New Jersey proceeding, and by virtue of his consent, there was sufficient proof to establish his misconduct (see Matter of Carmel, 154 AD3d 72).
Based on the findings of the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), effective immediately, the respondent, Mark Weissmann, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Mark Weissmann, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark Weissmann, shall desist and refrain from (1) practicing law in any form, either as [*3]principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mark Weissmann, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court