Matter of Ambe (2020 NY Slip Op 02151)





Matter of Ambe


2020 NY Slip Op 02151


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

PM-43-20

[*1]In the Matter of Jude Ambe, an Attorney. (Attorney Registration No. 4687638.)

Calendar Date: February 24, 2020

Before: Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jude Ambe, Silver Spring, Maryland, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and currently maintains an immigration law practice in Maryland, where he is not admitted. In October 2019, the Court of Appeals of Maryland disbarred respondent based upon sustained allegations that he had, among other things, failed to provide competent representation to a client, neglected his client's matter and had lacked candor in statements to a tribunal concerning aspects of that representation (Attorney Grievance Commn. of Maryland v Ambe, 466 Md 270, 218 A3d 757 [2019]). Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to his misconduct in Maryland. Respondent has submitted papers in opposition to the motion and AGC has replied.
As part of its order disbarring respondent, the Court of Appeals of Maryland sustained the factual findings of a disciplinary judge following a hearing on the charged misconduct. The Court found that respondent, among other things, did not provide competent representation to his client by failing to appear at a scheduled hearing on his client's immigration matter and failing to adequately review and consult his client on his asylum application. The Court also determined that respondent had given untruthful testimony to a tribunal regarding the aforementioned failure to appear at his client's hearing, and provided conflicting statements to disciplinary authorities during the investigation into his misconduct. Further, the Court found that respondent did not act diligently and properly update his client concerning his representation by failing to discuss various scheduling decisions that ultimately prejudiced his client, and by refusing to discuss his client's appeal until he received further payments. Finally, the Court found that respondent had charged the client an unreasonable fee for deficient work, failed to properly account for certain client funds that he had received and to deposit certain client funds into his attorney escrow account, failed to properly withdraw from representing his client, failed to properly protect his client's interests after he was discharged from the case and improperly withheld the client's file after his discharge. Ultimately, the Court determined that respondent's aforementioned conduct had collectively violated 15 separate Maryland Attorneys' Rules of Professional Conduct.
As an initial matter, we reject respondent's opposition to the motion to the extent that he seeks to challenge the factual findings established during the Maryland disciplinary hearings, inasmuch as he is not permitted to do so in the context of a proceeding initiated pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (see Matter of Weissmann, 180 AD3d 155, 158 [2020]; Matter of Jones, 51 AD3d 360, 366 [2008]). Further, having reviewed the record before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). To this point, we determine that the record of respondent's disciplinary proceedings in Maryland demonstrates that he was provided a full and fair opportunity to contest the charges against him (see Matter of Sklar, 167 AD3d 1142, 1144 [2018], appeal dismissed and lv denied 34 NY3d 972 [2019]). Further, to the extent that respondent's response to the motion suggests that there was an infirmity of proof underlying his discipline, we find that the detailed findings of fact, which the Court of Appeals of Maryland determined were established by clear and convincing evidence, support the conclusion that respondent was guilty of the charged misconduct (see Matter of Sklar, 167 AD3d at 1144). Finally, we find that respondent's misconduct in Maryland would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a); 1.2 (a); 1.3 (a); 1.4 (a) (3) and (4) and (b); 1.5 (a); 1.15 (a) and (c) (3) and (d); 1.16 (b) (3) and (e); 3.3 (a) (1) and 8.4 (a), (c) and (d). Accordingly, we grant AGC's motion to impose discipline and turn to the inquiry of the appropriate sanction (see Matter of Njogu, 170 AD3d 1320, 607 [2019]; Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; Matter of Vega, 147 AD3d 1196, 1197 [2017]).
In seeking the imposition of public discipline in this state by reason of respondent's Maryland misconduct, AGC points to the determination of the Maryland Court of Appeals concerning the factors in aggravation and mitigation that were established in that proceeding.[FN1] Having reviewed that determination, we find that there is ample evidence for our consideration in determining the proper sanction for respondent's misconduct (see Matter of Walter, 160 AD3d 1335, 1336 [2018]). In this respect, we have considered respondent's disciplinary history (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [a]), which includes a censure by this Court in 2012 for considerably similar misconduct to the misconduct at issue in this proceeding (see Matter of Ambe, 98 AD3d 1165 [2012]), as well as a reprimand in 2012 in Maryland for engaging in the unauthorized practice of law (Attorney Grievance Commn. of Maryland v Ambe, 425 Md 98, 38 A3d 390 [2012]).[FN2] Further, we have considered respondent's lengthy experience in immigration law (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [f]), his deceitful statements during the disciplinary process in Maryland (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [a]) and his apparent lack of remorse for his misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [g]). Finally, and perhaps most importantly, we note the vulnerability of the victim of respondent's misconduct, an immigrant who arrived in this country with limited resources and was incarcerated at the time that the representation commenced (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [h]). Noting all of these factors, and mindful of the severity of the discipline imposed in Maryland, we find that past precedent in this state supports the determination that a lengthy suspension is an appropriate sanction for respondent's misconduct (see Matter of Bratter, 178 AD3d 22, 23 [2019]; Matter of Tan, 149 AD3d 1344, 1345 [2017]; Matter of Sobolevsky, 96 AD3d 60, 62 [2012]; Matter of Leavitt, 291 AD2d 37, 39 [2002]). Accordingly, having considered the totality of the circumstances, we find that in order to adequately protect the public, maintain the honor and integrity of the profession and deters others from committing similar misconduct, respondent should be suspended from the practice of law for three years (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of Law for a period of three years, effective May 4, 2020, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We have also considered respondent's failure to advise this Court and AGC of his Maryland discipline within 30 days, as required by Rules for Attorney Disciplinary Matters (22 NYCRR)
§ 1240.13 (d).

Footnote 2: Respondent contends that we should not consider his past discipline in this state in aggravation because it is remote in time. However, we find that the remoteness of his past misconduct is outweighed by the similarity between the misconduct underlying that proceeding and that shown in the matter currently before us.