Matter of Zolfaghari (2022 NY Slip Op 04028)

Matter of Zolfaghari

2022 NY Slip Op 04028

Decided on June 22, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
REINALDO E. RIVERA, JJ.

2021-02680

[*1]In the Matter of Alexander Bijan Zolfaghari, also known as Alexander Zolfaghari Monfared, an attorney and counselor-at-law. (Attorney Registration No. 2916252)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 4, 1998. By order to show cause dated June 26, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by a final judgment and order of the Supreme Court of Arizona dated March 30, 2021.

Catherine A. Sheridan, Acting Chief Counsel, White Plains, NY (Glenn E. Simpson of counsel), for the Grievance Committee for the Ninth Judicial District.
Alexander Bijan Zolfaghari, Scottsdale, Arizona, respondent pro se.

PER CURIAM.

OPINION & ORDER
By final judgment and order dated March 30, 2021, the Supreme Court of Arizona suspended the respondent from the practice of law for a period of five years, effective April 29, 2021, under the name Alexander Zolfaghari Monfared, for his professional misconduct.
Arizona Proceedings
On July 8, 2020, the State Bar of Arizona (hereinafter the State Bar) filed a formal complaint against the respondent based upon 6 charges alleging attorney misconduct. At the same time, the State Bar was investigating an additional 22 charges made against the respondent. In or about March 2021, the State Bar and the respondent submitted an agreement to the Presiding Disciplinary Judge for the Supreme Court of Arizona, seeking approval of discipline by consent pursuant to rule 57(a) of the Arizona Rules of the Supreme Court (hereinafter the consent agreement). The consent agreement included, inter alia, the identified misconduct and the respondent's conditional admissions to the same, mitigating and aggravating factors, restitution, and, in view thereof, the request that the court impose a five-year suspension.
With respect to the underlying misconduct, the consent agreement provided for 28 counts, which, inter alia, involved the respondent's pattern of "intentionally collect[ing] money from clients and abandon[ing] them, and . . . intentionally fail[ing] to appear in court when required without taking appropriate steps to withdraw from representations," in addition to other "deceitful conduct." By virtue of the consent agreement, the respondent admitted to violating the following rules regarding attorney conduct: 1.1 (competence); 1.2 (scope of representation); 1.3 (diligence); 1.4 (communication); 1.5 (fees); 1.7 and 1.8 (conflict of interest); 1.15 (safekeeping property); 1.16 (declining or terminating representation); 3.2 (expediting litigation); 3.3 (candor toward the tribunal); 3.4 (fairness to the opposing party and counsel); 5.3 (responsibility regarding non-lawyers); former rule 5.4 (professional independence of a lawyer); and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and (d) (engaging in conduct that is prejudicial to the [*2]administration of justice), of the Arizona Rules of Professional Conduct; as well as former rule 41(e) (honesty in dealings with others and not make false or misleading statements of fact or law) and (i) (protecting the interests of current and former clients by planning for the lawyer's termination of or inability to continue a law practice, either temporarily or permanently); and 54(c) (knowing violation of any rule or any order of the court), of the Rules of the Arizona Supreme Court.
With respect to the appropriate sanction, the consent agreement identified the following aggravating factors: the respondent's dishonest or selfish motive; his refusal to acknowledge the wrongful nature of conduct; his indifference to making restitution; the pattern of misconduct; and the vulnerability of victims. In mitigation, the consent agreement noted the respondent's absence of a prior disciplinary record and personal and emotional problems he was experiencing during the relevant period.
With respect to the issue of restitution, the consent agreement provided for restitution to be paid by the respondent, totaling $53,390, to 15 former clients.
By final judgment and order dated March 30, 2021, the parties' agreement was accepted by the Supreme Court of Arizona, and the respondent was suspended from the practice of law for a period of five years, effective 30 days from the date of the order, ordered to pay restitution to 15 former clients, totaling $53,390, and ordered to reimburse the State Bar $6,738.80 for costs and expenses.
New York Proceedings
By order to show cause dated June 26, 2021, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by the final judgment and order of the Supreme Court of Arizona dated March 30, 2021, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Ninth Judicial District, on or before August 16, 2021. The respondent has filed an affidavit dated August 28, 2021, opposing the imposition of reciprocal discipline. The Grievance Committee filed an affirmation in response to the respondent's affidavit dated September 10, 2021, requesting that this Court impose discipline upon the respondent based upon the final judgment and order of the Supreme Court of Arizona.
The respondent asserts all three defenses provided in 22 NYCRR 1240.13(b), namely: (1) that he was not provided due process in the Arizona proceeding; (2) that there was an infirmity of proof establishing his misconduct; and (3) that the misconduct the Arizona order was based upon does not constitute misconduct in New York, and therefore, this Court should not impose reciprocal discipline.
The respondent, inter alia, contends that the Arizona order was based upon a "tainted consent decree," which he only consented to after the Arizona disciplinary counsel "pursued an unethical campaign of psychological terror" against him. He avers that he "did not commit any acts or omissions that require sanctions [which] would justify depriving [him] of his livelihood," or, "in the alternative," any such misconduct was the result of personal health issues, the COVID-19 pandemic, and a reduction in his firm's bankruptcy practice.
Findings and Conclusion
Pursuant to 22 NYCRR 1240.13(c), the enumerated defenses to reciprocal discipline are limited to the court finding that: (1) the procedure in the foreign jurisdiction deprived the respondent of due process of law; (2) there was insufficient proof that the respondent committed the misconduct; or (3) the imposition of discipline would be unjust. The respondent bears the burden on this issue (see id. § 1240.13[b]; see also Matter of Feng Li, 149 AD3d 238).
While the respondent raises all three defenses, we find that he has failed to meet his burden in establishing any of them. First, the respondent's assertion of lack of due process is inapposite to the record before the Court. He was provided notice and fully participated in the subject Arizona proceeding, which was ultimately resolved by his knowing and voluntary execution of the consent agreement. Moreover, while not a requirement for finding that due process has been met, the respondent had the benefit of defense counsel throughout the proceedings. Accordingly, to the extent that the respondent now seeks to challenge the findings in the Arizona proceeding, he is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Weissmann, 180 AD3d 155, 158; Matter of Carmel, 154 AD3d 72). The respondent's infirmity of proof argument is equally unpersuasive. The respondent chose to forego his opportunity to challenge the allegations [*3]underlying the Arizona proceeding, and instead, with advice of counsel, affirmatively entered into the consent agreement wherein he admitted the professional misconduct without a hearing. He cannot now use this proceeding as a way to challenge the admitted misconduct (see Matter of Weissmann, 180 AD3d at 158; Matter of Carmel, 154 AD3d at 74).
Furthermore, while the respondent alleges that the misconduct forming the basis of the Arizona final judgment and order does not constitute misconduct in New York, he has failed to make any argument to support that allegation. In any event, the misconduct that the respondent was found to have committed in Arizona does in fact constitute misconduct in New York (see e.g. Rules of Profesional Conduct [22 NYCRR 1200.0] rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.7, 1.8, 1.15, 1.16, 3.3, and 8.4[c], [d], and [h]).
Finally, there is nothing otherwise in the record here to suggest that the imposition of reciprocal discipline would be unjust. The consent agreement was not only consented to by the respondent, but was also reviewed and found appropriate by the Supreme Court of Arizona.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of Arizona. In considering the appropriate measure of discipline to impose, we find the respondent's failure to show remorse to be a significant aggravating factor.
Under the totality of the circumstances, we find that a disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and RIVERA, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Alexander Bijan Zolfaghari, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Alexander Bijan Zolfaghari, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alexander Bijan Zolfaghari, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Alexander Bijan Zolfaghari, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court