Matter of Orseck (2024 NY Slip Op 02579)

Matter of Orseck

2024 NY Slip Op 02579

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

PM-88-24
[*1]In the Matter of Gerald Orseck, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Gerald Orseck, Respondent. (Attorney Registration No. 1503630)

Calendar Date:April 1, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Gerald Orseck, Spartanburg, South Carolina, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1958 and previously maintained a law practice in the Town of Liberty, Sullivan County. Respondent was previously suspended from practice by this Court in 1981 (Matter of Orseck, 81 AD2d 962 [3d Dept 1981], reinstated 87 AD2d 939 [3d Dept 1982]) and was censured for misconduct in 1999 (Matter of Orseck, 262 AD2d 862 [3d Dept 1999]). By petition of charges verified June 17, 2022, petitioner seeks to again impose public discipline upon respondent, alleging, inter alia, his misappropriation of client funds and engagement in a conflict of interest. Respondent was to be heard in answer to the petition on or before July 13, 2022 but, upon respondent's request, the return date on the petition was adjourned to August 29, 2022. Although respondent did not join issue by filing an answer with the Court, by joint motion marked returnable July 17, 2023, the parties moved for the imposition of discipline upon consent. The Court denied the motion by July 27, 2023 Confidential Order and therein directed respondent to file and serve an answer to the petition on or before August 16, 2023. Despite the Court's directive, respondent did not join issue by the prescribed date and, by September 19, 2023 correspondence, respondent was again advised to file an answer with the Court on or before October 6, 2023. Respondent ultimately joined issue on October 17, 2023, petitioner filed its statement of disputed and undisputed fact on November 9, 2023 and respondent's statement of disputed and undisputed fact was due for filing by November 29, 2023, but respondent has yet to submit such a statement to the Court. By December 26, 2023 correspondence, the parties were invited to move for the appointment of a referee or otherwise. With no motion practice having been elicited by that correspondence, the parties were requested to provide a status update to the Court by correspondence dated February 28, 2024. By notice of amended joint motion marked returnable April 1, 2024, the parties now move this Court, for the second time, for the imposition of discipline upon consent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).
The parties' joint motion includes a stipulation of facts, aggravating and mitigating factors and an agreement as to the ultimate sanction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i] [a], [c], [d]). Moreover, respondent has provided an affidavit, wherein he conditionally admits to several rule violations regarding client funds and the management of his escrow account (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a]; [c] [3], [4]; [e]), as well as other misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.5 [b]; 1.8 [a]; Rules of App Div, All Depts [22 NYCRR] part 1215). Lastly, respondent's submissions reveal that he freely, voluntarily and without duress or coercion consents to the joint motion and the agreed-upon sanction and [*2]that he is fully aware of the consequences of entering into such a stipulation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Given that the parties have satisfied the procedural requirements, we turn to the consideration of the appropriate sanction for the underlying misconduct (see Matter of Reul, 211 AD3d 1309, 1311 [3d Dept 2022]; Matter of Shmulsky, 186 AD3d 1878, 1879 [3d Dept 2020]).
As "[f]ew, if any, of an attorney's professional obligations are as crystal clear as the duty to safeguard client funds" (Matter of Galasso, 19 NY3d 688, 694 [2012]), respondent's misconduct regarding client funds and the management of his escrow account is significant and has historically warranted the imposition of serious discipline (see e.g. Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; Matter of Malyszek, 171 AD3d 1445, 1445-1446 [3d Dept 2019]; Matter of Donohue, 171 AD3d 1295, 1296 [3d Dept 2019]; Matter of Friedman, 166 AD3d 1208, 1209 [3d Dept 2018]; Matter of Watrous, 75 AD3d 899, 900 [3d Dept 2010]). The additional misconduct implicated in this matter, including respondent's failure to utilize a written retainer agreement, to communicate the basis and rate of a fee to clients and engaging in conflicts of interest with a current client, has also historically resulted in the imposition of discipline by this Court (see e.g. Matter of Johnson, 182 AD3d 899, 900 [3d Dept 2020]; Matter of Hogan, 56 AD3d 887, 888 [3d Dept 2008]).
As petitioner argues, respondent's misconduct is significantly aggravated by his lengthy disciplinary history in this state, which includes a six-month suspension by this Court in 1981 (see Matter of Orseck, 81 AD2d at 962-963), a censure in 1999 (see Matter of Orseck, 262 AD2d at 864) and various forms of private discipline over the course of respondent's numerous years in practice (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). Overall, such a history demonstrates a pattern of disregard for his clients and the Rules of Professional Conduct (see Matter of Johnson, 182 AD3d at 900; ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]). Additional aggravating factors include respondent's multiple offenses against the implicated clients (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d]) and the particular vulnerability of one of the clients who had a close personal relationship with respondent (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h]).
In mitigation, respondent cites his 65 years of service to the community, the bar and clients, which includes participation in several religious, political and philanthropic endeavors (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]), as well as what could be considered personal issues, including his age (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c]). He further cites, among other things, the delay in these disciplinary proceedings (see ABA Standards for [*3]Imposing Lawyer Sanctions standard 9.32 [j]) and the fact that no client has ultimately lost money as a result of his actions. Given the totality of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession, and to deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties' joint motion and suspend respondent from the practice of law for three years
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).