Matter of Jacobs (2025 NY Slip Op 04093)

Matter of Jacobs

2025 NY Slip Op 04093

Decided on July 9, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2023-08805

[*1]In the Matter of Bruce Jacobs, an attorney and counselor-at-law. (Attorney Reg. No. 2791036)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 29, 1997. By order to show cause dated October 19, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of Florida dated June 8, 2023. Separate motion by the respondent to dismiss the disciplinary proceeding pursuant to Civil Rights Law § 76-a(1)(a).

Courtny Osterling, White Plains, NY, for Grievance Committee for the Ninth Judicial District.
Bruce Jacobs, Miami, Florida, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of Florida dated June 8, 2023, the respondent was suspended from the practice of law for a period of 91 days, and judgment was entered against him and in favor of the Florida Bar in the amount of $10,671.75, for recovery of costs.
Florida Disciplinary Proceeding
On November 3, 2020, the Florida Bar filed a complaint against the respondent which alleged, inter alia, that the respondent impugned the qualifications and integrity of judges or other officers and failed to disclose directly adverse authority.
Count one of the complaint related to the respondent's representation of a defendant in a foreclosure action, HSBC Bank v Aquasol Condominium Association, Inc., Miami-Dade County Circuit Court Case No. 13-29724-CA-01. A final judgment of foreclosure was entered in favor of HSBC Bank, and the respondent filed an appeal to the Third District Court of Appeal, raising the issue that HSBC Bank lacked standing because it was not the holder of the underlying note. The respondent did not acknowledge or cite to the controlling adverse decision in HSBC Bank USA, N.A. v Buset (241 So 3d 882 [Fla. 3d DCA]), which held that standing was established by being either the holder or the owner of the note. The Third District Court of Appeal affirmed the trial court's final judgment of foreclosure, and the respondent filed a motion for rehearing and rehearing en banc. In his motion papers, the respondent, among other things, made the following statements:
"Most disturbing, the opinion sends the wolves after Aquasol's counsel personally by commending the trial court's 'patience' for not holding him in contempt of court. Truthfully, no court should dare make the front page of the paper for jailing an attorney for asking [*2]about a false document in evidence. This Court's opinion intentionally emboldens judges to abuse their contempt powers.
"This Court's insistence on ignoring established Florida Supreme Court law to benefit bad corporate citizens is certain to cause chaos.
"Banks have all the resources to do it right but made business decisions to do it fraudulently. It's as if they knew the Courts would always let them get away with it. Some out of fear as elected officials. Some out of indifference. Some out of belief that banks and bad corporate citizens got them to their position and they are on that team. The banks should always win. I call those judges traitors to the constitution.
"Why would anyone sworn to protect and defend the constitution stay silent while domestic enemies destroy our democracy from within? Is this really the world Americans should live in where those in power do not do what is right?"
Count two of the complaint related to the respondent's representation of a defendant in a foreclosure action, Bank of New York Mellon v Atkin, Miami-Dade County Circuit Court Case No. 09-87096-CA-01. During the proceedings, Bank of America, a named subject, moved to disqualify the trial judge. On August 20, 2018, the trial court denied Bank of America's motion, and Bank of America filed a petition for a writ of prohibition with the Third District Court of Appeal. In his response, the respondent, inter alia, made the following statements:
"A named circuit court judge acted with 'blatant disregard for the rule of law and the client's constitutional rights' in an unrelated case and was upheld by this Court.
"The same circuit court judge has 'recently escalated her illegal conduct.'
"A different, unnamed circuit court judge changed a favorable ruling because opposing counsel threw a fundraiser for the new judge who rotated into the division."
Similarly, in his jurisdictional brief to the United States Supreme Court, which the respondent attached as an appendix in his response to the writ of prohibition, the respondent, among other things, made the following statements regarding the judges of the Third District Court of Appeal and the Supreme Court of Florida:
"The Florida Supreme Court has repeatedly declined to protect the constitutional rights of foreclosure defendants.
"This Court attempted to cover up, protect, and ignore well-documented fraud on the court in foreclosures. All to ensure a predetermined result - foreclosure.
"This Court is called on to act because the Florida Supreme Court has taken no action to prevent the Third [District Court of Appeal] from improperly ignoring fraudulent conduct in foreclosures.
"It is objectively reasonable to fear the Third [District Court of Appeal] acted to reach a predetermined outcome that favors banks over homeowners - foreclosure. If the Florida Supreme Court will not act, this Court must."
Count three of the complaint related to the respondent's representation of a defendant in a foreclosure action before the Honorable Michael A. Hanzman of the Eleventh Judicial Circuit Court in Miami-Dade County, Bank of New York Mellon v Atkin, Case No. 09-87096-CA-01. On [*3]or about July 26, 2019, the respondent filed a motion for judicial disqualification, in which he claimed, inter alia:
"Judge Hanzman has made repeated statements on the record and off the record that reflect his indifference to large financial institutions presenting false evidence to the court to obtain the equitable relief of foreclosure. His personal finances appear to be heavily invested in the financial services sector which gives Mr. Atkin a reasonable fear Judge Hanzman will not be fair and impartial because it will negatively impact his significant personal financial holdings.
"Here, this Honorable Court has allowed the most rich and powerful segment of our society, the financial sector in which he is personally heavily invested in, to engage in felony misconduct and walk away without any punishment in violation of the Judicial Canons and the rule of law. The Court was 'unimpressed' with these allegations of felony misconduct based on a prior foreclosure trial that involved entirely different misconduct which the Court similarly excused."
In his response to the Florida Bar's complaint, the respondent contended that he was subjected to selective prosecution and that he had an objective reasonable factual basis for making such remarks. Nevertheless, the respondent admitted that his comments were inappropriate, unwarranted, and unprofessional, and he had taken corrective actions regarding his conduct.
Hearings were held on April 22 and April 23, 2021, and May 5 and May 6, 2021, after which a Special Referee, among other things, found that, at trial, the Florida Bar proved by clear and convincing evidence that the respondent violated the Rules Regulating the Florida Bar rule 4-8.2(a), impugning qualifications and integrity of judges or other officers, as charged in counts one, two, and three.
The Special Referee found, in mitigation, inter alia, that the respondent presented character witnesses who testified to his good character and reputation. The Special Referee recommended that the respondent be found guilty of misconduct. As to the appropriate sanction, the Special Referee recommended a 90-day suspension with automatic reinstatement, a two-year probationary period during which the respondent must complete additional ethics and professional classes, and payment of costs in the disciplinary proceeding.
By order dated June 8, 2023, the Supreme Court of Florida affirmed the Special Referee's findings of fact and recommendations as to guilt, but imposed a 91-day suspension, effective 30 days from the filing of the order, and $10,671.75 for recovery of costs.
New York Proceeding
By letter dated September 21, 2023, the Grievance Committee for the Ninth Judicial District notified this Court that the respondent was disciplined by order of the Supreme Court of Florida dated June 8, 2023, upon findings that he engaged in misconduct.
By order to show cause dated October 19, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of Florida dated June 8, 2023.
In response to this Court's order to show cause, the respondent contends, among other things, that the Florida courts violated his First Amendment rights, retaliated against him for reporting misconduct, selectively prosecuted him, and falsely accused him of fraud. The respondent asserts the defenses provided in 22 NYCRR 1240.13(b)(2) and (3), and avers that discipline should not be imposed upon him as the Supreme Court of Florida convicted him despite evidence proving his innocence and that he did not violate any of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent now challenges the discipline imposed by order of the Supreme Court of Florida before this Court, contending that the Special Referee and Supreme Court of Florida overlooked federal and state laws that protect him from retaliation and disbarment for filing motions to disqualify in good faith.
By separate motion, the respondent moves to dismiss this reciprocal disciplinary proceeding pursuant to New York Civil Rights Law § 76-a(1)(a), contending that the proceeding constitutes a Strategic Lawsuit Against Public Participation ("SLAPP"), and the continued threat of [*4]reciprocal discipline violates his First Amendment rights and chills his free speech. The respondent contends that the Florida Bar proceedings were brought in bad faith, in a pattern of harassment. The respondent also contends that he never had any meaningful opportunity to have a fair and impartial court adjudicate his First Amendment retaliation claims in Florida and that reciprocal discipline would unconstitutionally punish him for protected speech on matters of public importance such as fraud in foreclosure proceedings and the integrity of certain courts in Florida.
The respondent further contends that discipline is unwarranted under 22 NYCRR 1240.13(b)(2), as the Supreme Court of Florida overlooked uncontroverted evidence of the truthfulness of the statements the respondent made regarding Florida judges. The respondent also contends that reciprocal discipline is unwarranted under 22 NYCRR 1240.13(b)(3), as the misconduct for which he was disciplined for in Florida does not constitute misconduct in New York.
In an affirmation dated February 16, 2024, the Grievance Committee opposes the respondent's motion to dismiss. The Grievance Committee contends that the respondent bears the burden of establishing any defense raised and is not permitted to relitigate or challenge the merits of the determination rendered by the foreign jurisdiction.
The Grievance Committee further contends that the respondent's argument that the imposition of discipline would be unjust within the meaning of 22 NYCRR 1240.13(b) rests upon his argument that the Supreme Court of Florida lacked a basis for its determination, which it did not. Moreover, the Grievance Committe contends that the respondent's misconduct underlying the discipline imposed by the Supreme Court of Florida is also prohibited under rule 8.2(a) of the New York Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
Based on the misconduct underlying the discipline imposed by the order of the Supreme Court of Florida dated June 8, 2023, we find that the imposition of reciprocal discipline is warranted and agree with the Grievance Committee that the respondent's arguments against the imposition of discipline are without merit. To the extent that the respondent now seeks to challenge the findings in the Florida proceeding, he is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Weissmann, 180 AD3d 155, 158; Matter of Carmel, 154 AD3d 72). The respondent's motion to dismiss is also without merit.
Under the totality of the circumstances, we conclude that a suspension for a period of six months is warranted, and the respondent's motion is denied.
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the respondent's motion is denied; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Bruce Jacobs, is suspended from the practice of law for a period of six months, commencing August 8, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 8, 2026. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Bruce Jacobs, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Bruce Jacobs, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Bruce Jacobs, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR [*5]1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court