Matter of Chukwu (2026 NY Slip Op 01266)

Matter of Chukwu

2026 NY Slip Op 01266

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

PM-34-26
[*1]In the Matter of Patrick Mbonu Chukwu, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Patrick Mbonu Chukwu, Respondent. (Attorney Registration No. 4389201.)

Calendar Date:February 16, 2026

Before:Garry, P.J., Clark, Fisher, Powers and Corcoran, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Patrick Mbonu Chukwu, Houston, Texas, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and operates an immigration law practice in Texas, a state he is not admitted in, apparently upon the strength of his New York licensure alone. By petition of charges verified September 9, 2025, petitioner seeks to impose public discipline upon respondent, alleging various violations of the Rules of Professional Conduct arising out of his incompetent representation of two clients in separate immigration matters. Respondent was heard in answer on October 20, 2025, and petitioner filed its Statement of Disputed/Undisputed Facts on November 6, 2025. By correspondence dated November 19, 2025 and January 16, 2026, this Court granted petitioner's requests for adjournments to permit the parties to prepare and file a joint motion for the imposition of discipline upon consent. By joint motion marked returnable February 16, 2026, the parties have now moved for the imposition of discipline upon consent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).
The parties' joint motion includes a stipulation of facts, aggravating and mitigating factors and an agreement as to the ultimate sanction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i] [a], [c], [d]). Moreover, respondent has provided an affidavit, wherein he conditionally admits to several rule violations regarding his representation of his clients in their immigration matters, including his failure to provide competent representation, failure to act with reasonable diligence and promptness in his representation and his neglect of client matters (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.1 [a]; 1.3 [a], [b]), as well as other misconduct (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.1 [b], [c]; 1.4 [a] [1] [iii]; [3]; 1.5 [b], [d] [4]). Respondent's submissions also reveal that he freely, voluntarily and without duress or coercion consents to the joint motion and the agreed-upon sanction and that he is fully aware of the consequences of entering into such a stipulation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Given that the parties have satisfied the procedural requirements, we turn to the consideration of the appropriate sanction for the underlying misconduct (see Matter of Orseck, 227 AD3d 1222, 1224 [3d Dept 2024]; Matter of Reul, 211 AD3d 1309, 1311 [3d Dept 2022]).
While the parties agree to the imposition of a censure, such a sanction must nonetheless be commensurate with similar cases and sufficient to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). In this respect, misconduct pertaining to the respondent's inadequate representation in immigration matters has generally resulted in a censure (see e.g. Matter of Matemu, 197 AD3d 1433, 1434-1435 [3d Dept 2021]; Matter of Alexandrovich, 174 AD3d 1034, 1035 [*2][3d Dept 2019]; Matter of Musafiri, 127 AD3d 1405, 1406-1407 [3d Dept 2015]; Matter of Rockmacher, 100 AD3d 1180, 1181 [3d Dept 2012]) or a suspension (see e.g. Matter of Nwosu, 244 AD3d 1576, 1579 [3d Dept 2025]; Matter of Tabe, 233 AD3d 1166, 1167-1168 [3d Dept 2024]; Matter of Haar, 227 AD3d 1364, 1366-1367 [3d Dept 2024]; Matter of Altman, 227 AD3d 1217, 1218-1219 [3d Dept 2024]; Matter of Ambe, 182 AD3d 695, 696-697 [3d Dept 2020]; Matter of Ezeala, 163 AD3d 1348, 1349-1350 [3d Dept 2018]; Matter of Tan, 149 AD3d 1344, 1345 [3d Dept 2017]; Matter of Lee, 107 AD3d 1376, 1376-1377 [3d Dept 2013]; Matter of Allen, 71 AD3d 1227, 1227-1228 [3d Dept 2010]).
In aggravation, petitioner cites respondent's prior disciplinary history of an admonition for similar misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c]; see also Matter of Nwosu, 244 AD3d at 1578; Matter of Altman, 227 AD3d at 1218), as well as his representation of vulnerable clients — namely, those involved in immigration proceedings (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h]; see also Matter of Nwosu, 244 AD3d at 1578; Matter of Ambe, 182 AD3d at 697). Respondent cites various mitigating factors, specifically his contrition, wherein he accepts full responsibility for his actions (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]), his cooperation with petitioner's investigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]) and his good-faith efforts to rectify the consequences of his misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]). Given the totality of the circumstances, we grant the parties' motion and censure respondent (see Matter of Heath, 234 AD35 1239, 1241-1252 [3d Dept 2025]; compare Matter of Nwosu, 244 AD3d at 1578-1579).
Garry, P.J., Clark, Fisher, Powers and Corcoran, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.