Matter of Wittman

2026 NY Slip Op 02195

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rebecca L. Wittman, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Rebecca L. Wittman, Respondent. (Attorney Registration No. 2389229.)

Decided and Entered:April 9, 2026

PM-67-26

Calendar Date: March 23, 2026

Before: Clark, J.P., Pritzker, Ceresia, Mcshan And Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.

Robert F. Julian, PC, Utica (Robert F. Julian of counsel), for respondent.

[*1]

Per Curiam.

Respondent was admitted to practice by the Fourth Department in 1991 and maintains a business address in Madison County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). By petition of charges verified August 29, 2025, petitioner seeks to impose discipline upon respondent, alleging various violations of the Rules of Professional Conduct arising out of her representation of a criminal defendant on his appeal before the Appellate Division, Fourth Department. Respondent was heard in answer on September 30, 2025 and the parties have since filed their respective Statements of Disputed/Undisputed Facts. By joint motion marked returnable March 23, 2026, the parties have now moved for the imposition of discipline upon consent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).

The parties' joint motion includes a stipulation of facts, aggravating and mitigating factors and an agreement as to the ultimate sanction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i] [a], [c], [d]). Moreover, respondent has provided an affidavit, wherein she admits to several rule violations regarding her representation of her client on his criminal appeal, including her failure to pursue the objectives of the client, her prejudice or damage to the client during the course of the representation, her failure to act with reasonable diligence and promptness in representing the client and her neglect of a legal matter entrusted to her (see Rules for Atty Disciplinary Matters [22 NYCRR 1200.00] rules 1.1 [c] [1], [2]; 1.3 [a], [b]), among other misconduct (see Atty Disciplinary Matters [22 NYCRR] 1200.00 rules 1.4 [a] [2], [3], [4]; 1.4 [b]; 1.16 [e]). Respondent's submissions also reveal that she freely, voluntarily and without duress or coercion consents to the joint motion and the agreed-upon sanction and that she is fully aware of the consequences of entering into such a stipulation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Given that the parties have satisfied the procedural requirements, we turn to the consideration of the appropriate sanction for the underlying misconduct (see Matter of Chukwu, ___ AD3d ___, ___, 2026 NY Slip Op 01266, *1 [3d Dept 2026]; Matter of Orseck, 227 AD3d 1222, 1224 [3d Dept 2024]).

While the parties agree to the imposition of a censure, such a sanction must nonetheless be commensurate with similar cases, and such sanction must protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). We have generally imposed a censure in cases involving negligent representation — including in the criminal context — after consideration of the relevant mitigating evidence (see Matter of Cruikshank, 246 AD3d 1215, 1218 [3d Dept 2026]; Matter of D'Amico, 166 AD3d 1375, 1376 [3d Dept 2018]; Matter of Shaw, 137 AD3d 19, 20-21 [1st Dept 2016[*2]]; see also Matter of Hoover,196 AD3d 994, 995-996 [3d Dept 2021]; compare Matter of Swayze, 230 AD3d 906, 907 [3d Dept 2024]; Matter of Ezeala, 163 AD3d 1348, 1349 [3d Dept 2018]).

In mitigation, respondent has admitted to the facts underlying the misconduct without attempting to excuse her conduct (see generally ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]), she did not have a selfish or dishonest motive (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]), and some of her conduct can be attributed to certain medical and personal issues that arose amidst her representation of the client (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c], [h]). Conversely, in aggravation, petitioner cites respondent's prior disciplinary history for similar misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c]; see also Matter of Chukwu, ___ AD3d at ___, 2026 NY Slip Op 01266, *1-2 [3d Dept 2026]; Matter of Sutton, 232 AD3d 985, 986-987 [3d Dept 2024]; Matter of Hogan, 143 AD3d 1044, 1045 [3d Dept 2016]), as well as her substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]; see also Matter of White, 243 AD3d 1112, 1114 [3d Dept 2025]). Given the totality of the circumstances, and in specific consideration of the mitigating circumstances presented, including but not limited to her admission of the underlying misconduct, we grant the parties' motion and censure respondent (see Matter of Sutton, 232 AD3d 985, 987 [3d Dept 2024]).

Clark, J.P., Pritzker, Ceresia, McShan and Mackey, JJ., concur.

ORDERED that the joint motion by the parties is granted; and it is further

ORDERED that respondent is censured.